Willie HARRISON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. LR 3828.

United States District Court
E. D. Arkansas, W. D.

Sept. 30, 1960.

Griffin Smith, Little Rock, Ark., for plaintiff.

Osro Cobb, U. S. Atty., James W. Gallman, Little Rock, Ark., for defendant.

YOUNG, District Judge.

This is an action for federal disability insurance benefits, 42 U.S.C.A. § 423, in which plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 405(g). Defendant has moved for summary judgment, Fed.R.Civ.P. 56(b), 28 U.S.C.A., asserting that his determination that plaintiff did not establish that he was so disabled as to be unable to engage in any substantial gainful activity is supported by substantial evidence, and is therefore conclusive. 42 U.S.C.A. § 405(g).

Plaintiff, a Negro, was born in 1899 on a farm, where he stayed until 1919, when, at the age of 20, he went to work for a wholesale grocery company in Little Rock, Arkansas. His formal education stopped before he finished the fifth grade. He worked for the Little Rock firm until June 5, 1957, some 38 years, until it went out of business. That same month he began working for a wholesale grocery company in Pine Bluff, Arkansas, and was a passenger in a delivery truck in the course of his employment for that company on October 19, 1957, when the truck was struck by a train. Plaintiff was unconscious for six days after this accident and hospitalized for 68 days. He has not worked since that time. The medical evidence is in substantial agreement. Plaintiff has a 50% loss of right grip; 25% restriction in the movement of his right arm; only 50% normal neck motion, except for flexion, which is 75%; decreased mental functions due to age and cerebral trauma; impaired vision corrected only to 20/25–2 and 20/30–1, with early senile cataracts and senile muscular degeneration; pain throughout his right side, and more severe pain at the back of his neck and lower back. Now 61 years of age, he normally has to use a cane to support his weight; even using the cane he can travel only short distances. He tires easily, cannot work for more than a short time in his small garden without having to rest, and has trouble with his right knee, which is weak and tends to buckle. Prior to the accident he had no serious infirmity.

Asked to describe restrictions on his patient's activity, Dr. Porter noted: "Limit to physical and mental capabilities." On August 19, 1958, Dr. Nixon, to the same request, noted: "It is doubtful in my opinion that this man will ever return to regular work. He was advised to try light work." He noted that plaintiff had been evaluated as having a 15% permanent partial disability to the body as a whole for Workmen's Compensation. Subsequently, in November of 1958, Dr. Nixon reported: "Because of the multi-

ple fractures of this patient's neck, as a result of which he has considerable stiffness of the neck, it is my opinion that he is totally disabled from performing any type of work." Dr. White stated that he believed plaintiff's condition warranted total disability and would not be improved by treatment. Defendant's disability determination concurred in the findings of these doctors, but felt that the evidence did not " * * * present ample support of a severe impairment which will be of long, continued, and indefinite duration."

The referee stated: " * * * the evidence supports a conclusion that claimant is disabled from engaging in work requiring lifting, pushing, pulling, carrying, and other strenuous physical exertion. The evidence of record, however, fails to establish that claimant's impairments are of such severity as to prevent him now, or at least within the near future, from engaging in substantial gainful work not requiring strenuous exertion * * *. [T]he evidence fails to establish that claimant's impairments, or any combination thereof, are of such a degree of severity as to preclude claimant from engaging now or in the future in some types of activities for which he can qualify by training and experience."

The rule to be applied in such cases is stated in Dunn v. Folsom, D.C.W.D. Ark.1958, 166 F.Supp. 44, at page 48: " * * * the act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has." The court went on to note that "any substantial * * * activity" cannot mean activities utterly beyond the capacity of the particular person involved, but only those for which he is reasonably qualified by education, training, or skill. In the present case it is hard to imagine what activities are available to this plaintiff. As he stated in his request to defendant for reconsideration of his claim, he does not have either education or training to do anything ex-

cept manual labor, which he is physically unable to do, as the referee found. In view of his age, education, eyesight, and physical condition, it is only speculation to say that there are substantial activities open to this plaintiff.

The motion for summary judgment therefore is denied, and judgment will be entered directing defendant to grant the disability period sought to be established, and such disability payments as would have been due had the application been initially approved.